**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of __Delaware_____
(State)

Case number (*If known*): _____ Chapter __11__

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

1.  **Debtor's name**    SiFi Networks America, LLC

2.  **All other names debtor used in the last 8 years**

    Include any assumed names, trade names, and *doing business as* names

3.  **Debtor's federal Employer Identification Number** (EIN)    3 5 – 2 5 1 7 9 9 0

4.  **Debtor's address**

    **Principal place of business**

    103 Foulk Road
    Number        Street

    Suite 500

    Wilmington        Delaware    19803
    City        State    ZIP Code

    New Castle
    County

    **Mailing address, if different from principal place of business**

    _____
    Number        Street

    _____
    P.O. Box

    _____
    City        State    ZIP Code

    **Location of principal assets, if different from principal place of business**

    _____
    Number        Street

    _____

    _____
    City        State    ZIP Code

5.  **Debtor's website** (URL)    https://sifinetworks.com/corporate

Debtor   SiFi Networks America, LLC
         _____
         Name

Case number *(if known)*_____

---

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

5   1   7   1

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.   District _____   When _____   Case number _____
                                            MM / DD / YYYY

         District _____   When _____   Case number _____
                                            MM / DD / YYYY

---

Debtor   SiFi Networks America, LLC _____   Case number (*if known*)_____
_____Name_____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No

☐ Yes.  Debtor _____   Relationship _____

District _____   When _____
MM / DD / YYYY

Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**_____
Number        Street

_____

_____   _____ _____
City                                   State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

| | Statistical and administrative information |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

Debtor    SiFi Networks America, LLC
Name

Case number *(if known)* _____

| | | |
|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☒ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☒ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   06/05/2026
      MM  / DD / YYYY

✗   /s/ Jacen Dinoff _____     Jacen Dinoff _____
    Signature of authorized representative of debtor     Printed name

Title   Chief Restructuring Officer _____

**18. Signature of attorney**

✗   /s/ Patrick J. Reilley _____     Date     06/05/2026
    Signature of attorney for debtor         MM  / DD / YYYY

Patrick J. Reilley _____
Printed name

Cole Schotz P.C. _____
Firm name

500 Delaware, Suite 600 _____
Number      Street

Wilmington _____     Delaware    19801 _____
City                        State      ZIP Code

(302) 652-3131 _____     preilley@coleschotz.com _____
Contact phone                    Email address

4451 _____     Delaware _____
Bar number                   State

**WRITTEN CONSENT OF THE MANAGER OF**
**SIFI NETWORKS AMERICA, LLC**

**June 3, 2026**

**Commencement and Prosecution of the Chapter 11 Case**

**WHEREAS**, the manager (the "*Manager*") of SIFI NETWORKS AMERICA, LLC, a Delaware limited liability company (the "*Company*") has reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the market for the Company's assets, and credit market conditions;

**WHEREAS**, the Manager, in considering the Company's financial and operational situation, has surveyed potential restructuring options for the Company, including restructuring or refinancing the Company's debt, seeking additional debt or equity capital, reducing or delaying the Company's business activities and strategic initiatives, or selling assets, other strategic transactions and/or other measures, and has discussed these various scenarios with the Company's management as well as financial and legal advisors to the Company (such advisors in such applicable capacities, collectively, the "*Advisors*");

**WHEREAS**, in furtherance of the foregoing, the Company retained a Chief Restructuring Officer (the "*CRO*") pursuant to that certain Services Agreement, dated as of May 9, 2026, by and between the Company and KCP (as defined herein) (the "*Services Agreement*") to carry out the responsibilities and duties as set forth in the Services Agreement; and

**WHEREAS**, the Manager has reviewed, had the opportunity to consult with, and ask questions of, the management and Advisors, and fully considered each of the strategic alternatives available to the Company, including the relative risks and benefits of commencing a bankruptcy proceeding under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "*Bankruptcy Code*").

**NOW, THEREFORE, BE IT RESOLVED**, that, in the judgment of the Manager, it is desirable and in the best interests of the Company, its creditors, members, and other interested parties, that a voluntary petition (the "*Petition*") be filed by the Company in the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") commencing a case (the "*Chapter 11 Case*") under the provisions of chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that the Authorized Officers of the Company, be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, in the name of and on behalf of the Company, to execute, acknowledge, deliver, and verify the Petition and to cause the same to be filed with the Bankruptcy Court at such time as such Authorized Officer may determine; and it is further

**RESOLVED**, that, the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, with full power of delegation, on behalf of and in

the name of the Company, to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings and other documents, agreements and papers, including all credit and sale documents, and to take any and all actions that each Authorized Officer deems necessary or appropriate, each in connection with the Chapter 11 Case; and it is further

RESOLVED, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, from time to time in the name and on behalf of the Company, as a debtor and debtor in possession under the Bankruptcy Code, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as any Authorized Officer performing or executing the same shall approve, and the performance or execution thereof by such Authorized Officer shall be conclusive evidence of the approval thereof by such Authorized Officer and by the Company; and it is further

RESOLVED, that the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to enter into such forbearance agreements, waivers, amendments or modifications, or other supplements relating to the Company's existing indebtedness as may be deemed necessary or appropriate by such Authorized Officer.

## Retention of Professionals

RESOLVED, that the law firm of Cole Schotz P.C. ("*Cole Schotz*") be, and hereby is, authorized, directed, and empowered to represent the Company as restructuring and bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Chapter 11 Case; and in connection therewith, the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Cole Schotz; and it is further

RESOLVED, that the CRO and the financial advisory firm of KCP Advisor Group LLC (collectively, "*KCP*") be, and hereby is, authorized, directed, and empowered to represent the Company as financial restructuring advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations in connection with the Chapter 11 Case; and in connection therewith, the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of KCP; and it is further

2

**RESOLVED**, that the financial consultant firm of Sherwood Partners Inc. ("*Sherwood*") be, and hereby is, authorized, directed, and empowered to represent the Company as sales agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations in connection with the Chapter 11 Case; and in connection therewith, the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Sherwood; and it is further

**RESOLVED**, that Stretto, Inc. ("*Stretto*" and together with Cole Schotz, KCP and Sherwood, collectively, the "*Professionals*") be, and hereby is, authorized, directed, and empowered to serve as the notice, claims, solicitation, balloting, and administrative agent in connection with the Chapter 11 Case; and in connection therewith, the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers, if required, prior to the filing of the Chapter 11 Case, and to cause to be filed an appropriate application or applications for authority to retain the services of Stretto; and it is further

**RESOLVED**, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to employ any other individual and/or firm as professionals, consultants, financial advisors, or sales agents to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code and achieving a successful restructuring, and in connection therewith, the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of such firms.

## Post-Petition/"DIP" Financing

**WHEREAS**, the Company, as debtor and debtor in possession under the Chapter 11 Case, intends to obtain senior secured, superpriority, postpetition financing and the use of cash collateral (the "*DIP Financing*") on the terms and conditions of the proposed debtor-in-possession delayed draw term loan promissory note, substantially in the form presented to the Manager on or prior to the date hereof and as may be further approved, modified or amended by any Authorized Officer (together with any ancillary documents, the "*DIP Facility Financing Document*") between the Company as borrower and the lender (as identified on the DIP Facility Financing Document, (the "*DIP Lender*")), and such other lenders and entities from time to time party thereto, and to grant to the DIP Lender a security interest in and liens with priority under section 364(c) of the Bankruptcy Code upon some, any, or all of the Company's assets; and it is further

**WHEREAS**, the Company will obtain benefits from the incurrence of the loans, issuance of any letters of credit and guaranties, and any and all related transactions contemplated under a

3

DIP financing agreement consistent with the terms set forth in the DIP Facility Financing Document (collectively, the "***DIP Financing Transactions***"), which are necessary and appropriate to the conduct, promotion and attainment of the business of the Company; and it is further

**RESOLVED**, that the Company is authorized to obtain DIP Financing and to grant to the DIP Lender security interests in and liens with priority under section 364(c) of the Bankruptcy Code upon some, any, or all of the Company's assets on terms and conditions set forth in the DIP Facility Financing Document, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof; and it is further

**RESOLVED**, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to secure the payment and performance of any post-petition financing by (i) pledging or granting liens or mortgages on, or security interests in, all or any portion of the Company's assets, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into such financing documents, guarantees, other debt instruments, security agreements, pledge agreements, control agreements, inter-creditor agreements, mortgages, deeds of trust, and other agreements as are necessary, appropriate, or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate, or desirable by the Authorized Officer executing the same, the execution thereof by such Authorized Officer to be conclusive evidence of such approval or determination; and it is further

**RESOLVED**, that, the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to the extent applicable, to obtain the use of cash collateral, in such amounts and on such terms as may be agreed by any Authorized Officer, including the grant of replacement liens, as is reasonably necessary for the continuing affairs of the Company.

## Asset Purchase Agreement

**WHEREAS**, the Company desires to sell certain of its assets pursuant to an asset purchase agreement to be entered into by and between the Company and the DIP Lender (together with any ancillary documents, the "***Asset Purchase Agreement***"), substantially in the form presented to the Manager prior to the date hereof, with such changes, modifications and amendments as any Authorized Officer may approve, and which sale shall remain subject to higher and better offers received during a competitive auction and bidding process (the "***Sale Process***"); and it is further

**WHEREAS**, as the Company will obtain benefits from the sale of certain of its assets consistent with the terms set forth in the Asset Purchase Agreement, subject to higher and better offers during a competitive auction and bidding process (the "***Sale Transaction***"), it is in the best interests of the Company to enter into the Asset Purchase Agreement and consummate the

transactions contemplated thereby, subject to higher and better offers during a competitive auction and bidding process; and it is further

**RESOLVED**, that the Company is authorized to enter into the Sale Transaction on the terms and conditions set forth in the Asset Purchase Agreement, subject to higher and better offers during a competitive auction and bidding process, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof.

## General Resolutions

**RESOLVED**, that the Manager hereby adopts any resolution required under the applicable securities laws of any jurisdiction to be adopted in connection with any of the transactions contemplated hereby, if (i) in the opinion of any Authorized Officer, the adoption of such resolution is necessary or advisable, and (ii) the secretary of the Company evidences such adoption by inserting into the minute book of the Company a copy of such resolution, which will thereupon be deemed to have been adopted by the Manager with the same force and effect as if specifically presented to a duly called meeting of the Manager; and it is further

**RESOLVED**, that the CRO and any other senior executive officer (the "*Authorized Officers*") are hereby each severally authorized in the name of and on behalf of the Company to perform any and all acts as may be necessary or desirable to execute, file and deliver all instruments and other documents contemplated by the foregoing resolutions and to take any and all further action that such person or persons may deem necessary or desirable to effectuate any action authorized by these resolutions and otherwise to carry out the purposes and intentions of the foregoing resolutions; and the execution by any such person or persons of any such documents or the performance by any such person or persons of any such act in connection with the foregoing matters shall conclusively establish his or her authority therefor from the Company and the approval and ratification by the Company of the documents so executed and the actions so taken; and it is further

**RESOLVED**, that the Manager hereby approves of the transactions discussed herein and all related documents, instruments and agreements relating to such transactions on behalf of the Company and hereby authorizes the Company to approve the transactions, and hereby authorizes the Company to enter into and perform each of their respective obligations in connection with the transactions and all related agreements, documents, instruments and certificates contemplated thereby; and it is further

**RESOLVED**, that any and all actions heretofore taken by any Authorized Officer or any of the Professionals in connection with the Chapter 11 Case or any proceedings or matters related thereto or contemplated by the foregoing resolutions (including, without limitation, the DIP Financing Transactions and the Sale Transaction) are hereby ratified, approved, confirmed and accepted in all respects; and it is further

**RESOLVED**, that this Written Consent may be executed in counterparts, which counterparts, when taken together, shall constitute one and the same instrument. Facsimile or electronic signatures (e.g., .pdf) shall be sufficient for the execution hereof.

**IN WITNESS WHEREOF,** this Written Consent is executed and delivered as of the day and year first above written.

**MANAGER:**

Signed by:

_____

Michael Wyse

*[Signature Page to Written Consent of SiFi America Networks, LLC]*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SiFi Networks America, LLC,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 26-____ (___) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(3) and 7007.1 of the Federal Rules of Bankruptcy Procedure, as of June 5, 2026:

1.     The following entity owns one hundred percent (100%) of the equity interests of SiFi Networks America, LLC:

| Name | Address | Shares (%) |
|---|---|---|
| SiFi Networks America Ltd. | Hollis House Maesbury Road Oswestry, Shropshire SY10 8NR United Kingdom | 100% |

---

[1]   The Debtor in this chapter 11 case and the last four digits of its federal tax identification number are SiFi Networks America, LLC (7990).  The Debtor's service address in this chapter 11 case is 103 Foulk Road, Suite 500, Wilmington, DE 19803.

53334452

**Fill in this information to identify the case:**

Debtor name **SiFi Networks America, LLC**

United States Bankruptcy Court for the: _____ District of **Delaware**
(State)

Case number (If known): _____

❑ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **Specialist Network Operations LTD** Hollis House Maesbury Road Oswestry, Shropshire SY10 8NR United Kingdom | Paula Jones Paula.jones@sno.cloud | Trade Debt | | | | $242,895.78 |
| 2 | **Innovative Driven** PO Box 780154 Philadelphia, PA 19178-0154 | Kirsten Thompson Kirsten.Thompson@innovativedriven.com (302) 888-2060 | Trade Debt | | | | $214,314.79 |
| 3 | **Crown Castle - Now Zayo** PO Box 27135 New York, NY 10087-7135 | fiberbillinghd@crowncastle.com Phone: (855) 91-34237) | Trade Debt | | | | $166,937.77 |
| 4 | **First Light** 41 State St. Ste. 10 Albany, NY 12207 | billing@firstlight.net | Trade Debt | | | | $151,381.65 |
| 5 | **First Legal Discovery** PO Box 745087 Los Angeles, CA 90074-5087 | Juliette Ely juliette@firstlegal.com P: 213 250 1111 Ext 5563 | Trade Debt | | | | $124,737.28 |
| 6 | **Glaser Weil** 10250 Constellation Blvd., 19th Fl. Los Angeles, CA 90067 | Cora Cantanes ccatanes@glaserweil.com P:310 553 3000 | Professional Services | | | | $80,515.00 |
| 7 | **Preisely Software Nc** 1700 District Ave., Ste. 300 Burlington, MA 01803 | Sahil Arora Sahil.Arora1@precisely.com | Trade Debt | | | | $74,730.00 |

Debtor Name          **SiFi Networks America, LLC**          Case Number _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | **Windstream KDL IN** 4001 N Rodney Parham Little Rock, AR 72212 | wci.carrier.assurance@windstream.com P; 1-855-465-0204 | Trade Debt | | | | $62,314.85 |
| 9 | **Coresite LP** Coresite Real Estate 427 S La Salle Denver, CO 80202 | Erina Connolly Erina.Connolly@CoreSite.com W: 303-405-1009 | Trade Debt | | | | $46,971.62 |
| 10 | **Zayo 039440** 1821 30Th St. - Unit A Boulder, CO 80301 | arexperts@zayo.com 866.364.6033 (Opt 3) | Trade Debt | | | | $30,742.71 |
| 11 | **Local Linx Ma Inc** PO Box 470843 Broadview Heights, OH 44147 | Finance@LocalLinx.com phone: 413-223-6019 | Trade Debt | | | | $22,800.00 |
| 12 | **123.Net Inc** 24700 Northwestern Hwy, Ste. 700 Southfield, MI 48075 | ebilling@123.net (866)460-3503, option #1 | Trade Debt | | | | $19,470.16 |
| 13 | **Troncoso Koos Enterprises** 1509 Allyson Court Brea, CA 92821 | John Koos john@troncosokoos.com 714 614-8404 | Trade Debt | | | | $16,987.00 |
| 14 | **Zayo 041316** 1821 30Th St. - Unit A Boulder, CO 80301 | Marie Alexander Marie.Alexander@zayo.com | Trade Debt | | | | $13,278.43 |
| 15 | **Connectix LTD** 500 Ave. West Skyline, A120 Braintree, Essex CM77 7AA United Kingdom | Klaudia Collins klaudia.collins@connectix.co.uk **T:** +44 1376 333512 | Trade Debt | | | | $13,161.65 |
| 16 | **CSC** 251 Little Falls Drive Wilmington, DE 19808-1674 | invoiceinquiry@cscglobal.com (617)-523-6380 | Trade Debt | | | | $4,268.19 |
| 17 | **Seyfarth Shaw (UK) LLP** Citypoint One Ropemaker St. London,  EC2Y 9AW United Kingdom | Nicholas Wood nwood@seyfarth.com Direct: +1-310-201-9268 | Professional Services | | | | $4,094.00 |
| 18 | **Markley Lowell LLC** 1 Summer St. 5th Fl. Lowell Data Center Boston, MA 02110 | ar@markleygroup.com | Trade Debt | | | | $3,993.66 |

Debtor Name _____ **SiFi Networks America, LLC**_____   Case Number _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | **Ibridge Cloud Technoligies Inc** 2851 Gold Tailings Court, Ste. B Rancho Cordova, CA 95670 | Allen McKibben amckibben@ibridgecloud.com 916-531-0461 | Trade Debt | | | | **$3,029.11** |
| 20 | **Center Square** 3100 Olympus Blvd, Ste. 510 Coppell, TX 75019 | Sarah Greene Sarah.greene@centersquared.com 469-687-9565 | Trade Debt | | | | **$2,334.2** |
| 21 | **Berkshire Hathway** c/o SMTD Law LLP 17901 Von Karman Avenue Irvine, CA 92614 | Ali Salamirad P: 949-537-3800 as@smtdlaw.com | Litigation | Contingent, Unliquidated, Disputed | | | **$0.00** |
| 22 | **Cablevision Lightpath** c/o AG Commercial Law, LLC 5 West Market Street Georgetown, DE 19941 | Andrew A. Whitehead P: 302-248-2000 andrew@whiteheadlawde.com | Litigation | Contingent, Unliquidated, Disputed | | | **$0.00** |
| 23 | **Generate Saratoga Springs Fiber Member, LLC** c/o Slarskey LLC 767 Third Avenue, 14th Floor New York, NY 10017 | Renee Bea, Richard Weingarten, Keith Dore, & Elena Roberts rbea@slarskey.com kdore@slarskey.com rweingarten@slarskey.com eroberts@slarskey.com | Litigation | Contingent, Unliquidated, Disputed | | | **$0.00** |
| 24 | **Generate East Hartford Fiber Member, LLC** c/o Slarskey LLC 767 Third Avenue, 14th Floor New York, NY 10017 | Renee Bea, Richard Weingarten, Keith Dore, & Elena Roberts rbea@slarskey.com kdore@slarskey.com rweingarten@slarskey.com eroberts@slarskey.com | Litigation | Contingent, Unliquidated, Disputed | | | **$0.00** |
| 25 | **Peter Neda** c/o Grellas Shah LLP 20400 Stevens Creek Blvd Cupertino, CA 95014 | Dhaivat H. Shah, David I. Siegel, & Seth K. Kugler P: 408-255-6310 ds@grellas.com dsiegel@grellas.com skugler@grellas.com | Litigation | Contingent, Unliquidated, Disputed | | | **$0.00** |

**Fill in this information to identify the case and this filing:**

Debtor Name ___SiFi Networks America, LLC_____

United States Bankruptcy Court for the: _____ District of _DE_____
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    **12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

❑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

❑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

❑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

❑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

❑ *Schedule H: Codebtors* (Official Form 206H)

❑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

❑ Amended *Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration___Corporate Ownership Statement_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___06/05/2026____          ✘___*/s/ Jacen Dinoff*_____
MM / DD / YYYY                              Signature of individual signing on behalf of debtor

                                             ___Jacen Dinoff_____
                                             Printed name

                                             ___Chief Restructuring Officer_____
                                             Position or relationship to debtor

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**