**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| SiFi Networks America, LLC, | Case No. 26-10912 (BLS) |
| Debtor.[1] | **Re: Docket No. 13** |

**ORDER (I) APPROVING THE**
**BIDDING PROCEDURES, (II) SCHEDULING**
**CERTAIN DATES AND DEADLINES WITH RESPECT THERETO,**
**(III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF,**
**(IV) APPROVING THE STALKING HORSE AGREEMENT, (V) APPROVING**
**THE PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY**
**CONTRACTS AND UNEXPIRED LEASES, AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession
(the "Debtor") for entry of an order (the "Order"), (i) authorizing and approving sale and bidding
procedures (the "Bidding Procedures") attached hereto as **Exhibit 1**, (ii) scheduling certain dates
and deadlines in connection with the Sale, including the Bid Deadline, Auction, Sale Hearing,
(iii) approving the form and manner of (1) notice of the Auction and Sale Hearing (the "Sale Notice")
attached hereto as **Exhibit 2**, (2) notice of the Assumption Procedures (the "Assumption Notice")
attached hereto as **Exhibit 3**, and (3) notice of Successful Bidder and Back-Up Bidder (the "Notice
of Successful Bidder") attached hereto as **Exhibit 4**, (iv) approving procedures for assuming and
assigning executory contracts and unexpired leases and certain related notices, including notice of
proposed cure amounts, (v) approving the terms of the Stalking Horse Agreement attached hereto as
**Exhibit 5**, including the bid protections, (vi) and granting related relief, all as more fully set forth

---

[1]    The Debtor in this chapter 11 case and the last four digits of its federal tax identification number are SiFi Networks
America, LLC (7990).  The Debtor's service address in this chapter 11 case is 103 Foulk Road, Suite 500,
Wilmington, DE 19803.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the
Bidding Procedures, as applicable.

in the Motion; and upon consideration of the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction to consider this Motion under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

**THE COURT HEREBY FINDS THAT**:

A.     Statutory Predicates. The predicates for the relief granted herein are sections 105, 363, 365, 503, and 507 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9007, 9008, and 9014 and Local Rules 2002-1, 6004-1, and 9013-1.

B.     Notice of Motion. The Debtor's notice of the Motion, the Hearing, and the proposed entry of this Order was sufficient under the circumstances of this case and complied with

2

all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the applicable Local Rules.  Accordingly, no other or further notice of the Motion or the entry of this Order is necessary or required.

C.    Sale Process.  The Debtor and its advisors have been engaging with a number of potentially interested parties to solicit and develop the highest and otherwise best offers for the Debtor's Assets.

D.    Bidding Procedures.  The Debtor has articulated good and sufficient reasons for authorizing and approving the Bidding Procedures, which were developed in good faith, are fair, reasonable, and appropriate under the circumstances, and are designed to maximize the recovery on, and realizable value of, the Debtor's Assets, as determined by the Debtor in an exercise of its business judgment.  The Bidding Procedures comply with the requirements of Local Rule 6004-1(c).

E.    Sale Notice.  The notice provided by the Debtor regarding the Sale (the "Sale Notice") is reasonably calculated to provide all interested parties with timely and proper notice of the proposed Sale, including: (i) the date, time, and place of the Auction (if one is held); (ii) the Bidding Procedures and certain dates and deadlines related thereto; (iii) the objection deadline for the Sale and the date, time, and place of the Sale Hearing; (iv) reasonably specific identification of the assets for sale; (v) representations describing the Sale as being free and clear of liens, claims, interests, and other encumbrances; and (vi) notice of the proposed assumption and assignment of the Assigned Contracts to the Successful Bidder and the rights, procedures, and deadlines for objecting thereto, and no other or further notice of the Sale shall be required.

F.    Assumption Procedures.  The Assumption Notice is reasonably calculated to provide Counterparties to the Assigned Contracts with proper notice of the intended assumption

3

and assignment of their executory contracts, any Cure Payments, and the Assumption Procedures. The Assumption Procedures comply with the provisions of section 365 of the Bankruptcy Code and Bankruptcy Rule 6006.

G.      Notice of Successful Bidder.  The Notice of Successful Bidder, substantially in the form attached hereto as **Exhibit 4**, is reasonably calculated to provide interested parties with timely and proper notice of any proposed Sale Transaction with respect to the Assets, including, without limitation: (a)  the Successful Bidder for the Assets, (b) the Back-Up Bidder, if applicable, (c) the key terms of the proposed Sale Transaction, and (d) the date, time, and place for the Sale Hearing.

H.      Other Findings. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the preceding findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the preceding conclusions of law constitute findings of fact, they are adopted as such.

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is granted to the extent set forth in this Order.

2.      All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled prior to or at the Hearing are overruled.

## I.    Important Dates and Deadlines

3.    The following dates and deadlines are hereby approved:

| Event or Deadline | Proposed Date and Time (all times in the prevailing Eastern Time) |
|---|---|
| Deadline to File and Serve Sale Notice | July 9, 2026 |
| Deadline to Publish Sale Notice | As soon as reasonably practicable following entry of the Bidding Procedures Order |
| Deadline to File and Serve Assumption Notice | July 9, 2026 |
| Contract Objections Deadline | 4:00 p.m. (ET) on the date that is 14 days after the service of the Assumption Notice |
| Bid Deadline | July 27, 2026 |
| Notice of Successful Bidder and Cancellation of Auction (if no Auction) | July 28, 2026 |
| Auction (if Qualified Bids received) | July 29, 2026 at 10:00 a.m. (ET) |
| Deadline to File Notice of Successful Bidder and Back-Up Bidder | July 30, 2026 |
| Sale Objection Deadline | July 31, 2026 at 4:00 p.m. (ET) |
| Debtor's Response to Objections, if any | August 4, 2026 at 4:00 p.m. (ET) |
| Sale Hearing | August 6, 2026 at 11:00 a.m. (ET) |

4.    **Sale and Contract Objection Deadline**. (a) **July 31, 2026, at 4:00 p.m., prevailing Eastern Time** (the "Sale Objection Deadline"), shall be the deadline by which objections to the entry of an order by the Court approving the Sale, including to the sale of any Assets free and clear of liens, claims, interests, and encumbrances pursuant to section 363(f) of the Bankruptcy Code shall be filed, and (b) **4:00 p.m., prevailing Eastern Time on the date that is 14 days after service of the Assumption Notice** (the "Contract Objection Deadline"), shall be the deadline by which objections to the assumption of any Assigned Contract (other than the Subsequently Designated Assigned Contracts, as defined in paragraph 24(d) herein) shall be filed. Such objections must (a) be in writing, (b) state, with specificity, the legal and factual bases thereof,

and (c) be filed with the Court and served so as to be actually received by: (i) counsel to the Debtor, Cole Schotz P.C., 500 Delaware Avenue, Suite 600, Wilmington, DE 19801, Attn: Daniel F.X. Geoghan (dgeoghan@coleschotz.com) and Jacob S. Frumkin (jfrumkin@coleschotz.com); (ii) counsel to the DIP Lender and Stalking Horse Bidder, (a) Clifford Chance US LLP, Two Manhattan West, 375 9th Avenue, New York, New York 10001, Attn: David Feldman (David.Feldman@cliffordchance.com) and Matthew L. Hinker (Matthew.Hinker@cliffordchance.com), (b) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn: Sean M. Beach (sbeach@ycst.com); (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Jon Lipshie (Jon.Lipshie@usdoj.gov); and (iv) counsel to the Official Committee of Unsecured Creditors, Lowenstein Sandler LLP (a) 1000 N. West Street, Suite 1200 Wilmington, Delaware 19801, Attn: Christoper Ward (cward@lowenstein.com) and (b) 1251 Avenue of the Americas, New York, NY 10020, Attn: Gianfranco Finizio (gfinizio@lowenstein.com) (the parties identified in (i) through (iv), collectively, the "Objection Notice Parties"). Any party or entity who (i) fails to timely and properly make an objection to the Sale on or before the Sale Objection Deadline shall be forever barred from asserting any objection to the Sale, including with respect to the transfer of the assets free and clear of all liens, claims, encumbrances, and other interests, and (ii) fails to timely and properly make an objection to the assumption of an Assigned Contract on or before the Contract Objection Deadline shall be forever barred from asserting any objection to the assumption of such Assigned Contract, including with respect to cure amounts, adequate assurance of future performance, or any other matter relating to such assumption.

5.      **Bid Deadline**. **July 27**, **2026**, is the deadline by which all Qualified Bids must be actually received by the parties specified in the Bidding Procedures.

6.      **Auction**. **July 29, 2026, at 10:00 a.m., prevailing Eastern Time**, is the date and time the Auction, if one is needed, may be held in accordance with the Bidding Procedures at the offices of counsel to the Debtor, Cole Schotz P.C.  The Debtor shall send written notice of the date, time, and place of the Auction to the Qualified Bidders no later than two (2) business days before such Auction and will post notice of the date, time, and place of the Auction no later than two (2) business days before such Auction on the Case Website of the Debtor's notice, claims, and solicitation agent at https://cases.stretto.com/SiFiNetworks.

7.      **Sale Hearing**. **August 6, 2026, at 11:00 a.m., prevailing Eastern Time**, is the date and time for the hearing for the Court to consider the Successful Bid, pursuant to which the Debtor and the Successful Bidder will consummate the Sale; *provided, however*, that the Sale Hearing may be continued by the Debtor, in consultation with the Consultation Parties, in accordance with the Bidding Procedures, from time to time, without further notice to creditors or parties in interest.

8.      **Adequate Assurance**. In the event the Successful Bidder is not the Stalking Horse Bidder, objections to adequate assurance of future performance of the Assigned Contracts by such Successful Bidder must be filed with the Court and served on the Objection Notice Parties no later than the Sale Hearing.

## II.      Stalking Horse.

9.      The Debtor is hereby authorized to select ArcLink Fiber LLC, together with any designated affiliate thereof, as the Stalking Horse Bidder (the "Stalking Horse Bidder").

10.     The Debtor is authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to enter into and perform under the Stalking Horse Agreement, subject to the solicitation of

higher or otherwise better offers for the Acquired Assets (as defined in the Stalking Horse Agreement) and entry of the Sale Order.

11.    The Stalking Horse Agreement is authorized and approved in substantially the form attached to this Order as **Exhibit 5** as the stalking horse bid for the acquired Assets (the "Stalking Horse Bid").

12.    The Stalking Horse Bidder shall be deemed a Qualified Bidder, and the Stalking Horse Bid shall be deemed a Qualified Bid, for all purposes under the Bidding Procedures Order and Bidding Procedures.

13.    The Stalking Horse Agreement shall be binding and enforceable on the parties thereto in accordance with its terms subject to entry of the Sale Order.  The failure to describe specifically or include any provision of the Stalking Horse Agreement or related documents in the Motion or herein shall not diminish or impair the effectiveness of such provision as to such parties. The Stalking Horse Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, solely in accordance with the terms thereof, without further order of the Court.

14.    Subject to the Bidding Procedures and entry of the Sale Order, the Debtor and Stalking Horse Bidder are granted all rights and remedies provided to them under the Stalking Horse Agreement, including, without limitation, the right to specifically enforce the Stalking Horse Agreement in accordance with its terms.

**III.        Auction, Bidding Procedures, Sale Notice, and Related Relief.**

15.    The Bidding Procedures, substantially in the form attached hereto as **Exhibit 1**, are incorporated herein and are hereby approved in their entirety, and the Bidding Procedures shall govern the submission, receipt, and analysis of all Bids relating to any proposed Sale.  Any party

desiring to submit a Bid shall comply with the Bidding Procedures and this Order.  The Debtor is authorized to take any and all reasonable actions necessary to implement the Bidding Procedures.

16.    Without prejudice to the rights of the Stalking Horse Bidder under the Stalking Horse APA, the Debtor shall have the right to, in their reasonable business judgment, and in a manner consistent with their fiduciary duties and applicable law, modify the Bidding Procedures, in consultation with the Consultation Parties, including to, among other things, (i) extend or waive deadlines or other terms and conditions set forth therein, (ii) adopt new rules and procedures for conducting the bidding and Auction process, (iii) if applicable, provide reasonable accommodations to a Qualified Bidder, or (iv) otherwise modify the Bidding Procedures to further promote competitive bidding for and maximizing the value of the Assets; *provided*, that such extensions, waivers, new rules and procedures, accommodations and modifications (i) do not conflict with and are not inconsistent with this Order, the Bidding Procedures, the DIP Order, the Bankruptcy Code or any order of the Court, (ii) do not frustrate or otherwise impair the Stalking Horse Bidder's ability to close the Sale, (iii) are promptly communicated to each Qualified Bidder, (iv) do not extend the Bid Deadline, the date of the Auction, the closing of the Auction, or any other Milestones (as defined in the DIP Order), in consultation with the DIP Lender, and (v) are in form and substance acceptable to the DIP Lender

17.    For the avoidance of doubt and notwithstanding anything to the contrary contained in this Order, this Order does not approve the sale of the Assets or authorize the consummation of the Sale, such approval and authorization (if any) to be considered only at the Sale Hearing and all rights of all parties in interest to object to such approval and authorization are reserved.

18.    No person or entity shall be entitled to any expense reimbursement, break-up fee, "topping," termination, or other similar fee or payment in connection with any Sale, and by

submitting a bid, such person or entity is deemed to have waived their right to request or file with this Court any request for expense reimbursement or any fee of any nature, whether by virtue of section 503(b) of the Bankruptcy Code or otherwise.

19.     Any deposit provided by a Qualified Bidder shall be held in a segregated account by the Debtor or its agent in accordance with the Bidding Procedures, and shall not become property of the Debtor's bankruptcy estate unless and until released to the Debtor pursuant to the terms of the purchase agreement with such Qualified Bidder or order of this Court.

20.     The Stalking Horse Bidder is a Qualified Bidder and the bid reflected in the Stalking Horse Bid is a Qualified Bid, as set forth in the Bidding Procedures.  The Stalking Horse Bidder is, and will be deemed to be, a Qualified Bidder for all purposes under the Bidding Procedures, without regard to any of the requirements or conditions set forth herein and without any further action by the Stalking Horse Bidder.

21.     The Sale Notice, substantially in the form attached hereto as **Exhibit 2**, is hereby approved.  As soon as reasonably practicable following the entry of this Order, the Debtor will cause the Bidding Procedures and Sale Notice to be served upon the following parties, and their respective counsel, if known (collectively, the "Notice Parties"): (i) the U.S. Trustee; (ii) counsel to the DIP Lender and Stalking Horse Bidder; (iii) the Committee; (iv) the United States Attorney's Office for the District of Delaware; (v) the Internal Revenue Service; (vi) the attorneys general for the states in which the Debtor operates; (vii) any parties known or reasonably believed to have expressed an interest in the Debtor's Assets; (viii) all entities known or reasonably believed to have asserted a lien, encumbrance, claim, or other interest in any of the Debtor's Assets; and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In addition, as soon as practicable, after entry of this Order, the Debtor shall publish the Sale Notice, with any

10

modification necessary for ease of publication, on the Case Website of the Debtor and once in the national edition of *The New York Times* or any other publications, in consultation with the Consultation Parties, the Debtor deems appropriate to provide notice to any other potential interested parties.

**IV.      The Assumption and Assignment Procedures.**

22.      The procedures set forth below regarding the assumption and assignment of the executory contracts and unexpired leases proposed to be assumed by the Debtor pursuant to section 365(b) of the Bankruptcy Code and assigned to the Successful Bidder pursuant to section 365(f) of the Bankruptcy Code in connection with the Sale (the "Assumption Procedures") are hereby approved to the extent set forth herein.

23.      These Assumption Procedures shall govern the assumption and assignment of all of the Debtor's executory contracts and unexpired leases to be assumed and assigned in connection with the Sale (each, an "Assigned Contract," and, collectively, the "Assigned Contracts"), subject to the payment of any payments necessary to cure any defaults arising under any Assigned Contract (the "Cure Payments"):

a. **Contract Assumption Notice.**  On or prior to **July 9, 2026** (the "Assumption Notice Deadline"), the Debtor shall file with the Court and serve a notice of contract assumption (the "Assumption Notice"), in substantially the form attached hereto as **Exhibit 3**, via first class mail and e-mail (where available) on all counterparties to all potential Assigned Contracts (each, a "Counterparty" and, collectively, the "Counterparties"). The Assumption Notice shall include, without limitation, a list of Assigned Contracts (the "Assigned Contract List") that may be assumed and assigned in connection with the Sale and the Cure Payment, if any, that the Debtor believes is required to be paid to the applicable Counterparty under Bankruptcy Code sections 365(b)(1)(A) and (B) for each of the Assigned Contracts.  If no Cure Payment is listed on the Assigned Contracts List for a particular Assigned Contract, the Debtor's asserted Cure Payment for such Assigned Contract shall be deemed to be $0.00.  The Assigned Contracts List shall identify each of the potential Assigned Contracts by the name or appropriate description and date of such potential Assigned Contract (if available), the Counterparties and the address of such Counterparties for notice purposes. Service of an Assumption Notice does not constitute an admission that such

11

contract is an executory contract or unexpired lease or that such stated Cure Payment constitutes a claim against the Debtor or a right against the Successful Bidder (all rights with respect thereto being expressly reserved). Further, the inclusion of a contract or lease on the Assumption Notice is not a guarantee that such contract will ultimately be assumed and assigned.

b. **Cure Payments**. The payment of the applicable Cure Payments specified in the Assumption Notice or a Supplemental Assumption Notice by the Successful Bidder or the Debtor, as applicable and in accordance with the Stalking Horse Agreement, after the expiration of the applicable objection period and the failure of any applicable Counterparty to timely and properly object to the proposed Cure Payment or to the assumption or assignment of its executory contract or unexpired lease, shall (i) effect a cure of all defaults existing thereunder as of the filing of the Assumption Notice, and (ii) compensate for any actual pecuniary loss to such Counterparty resulting from such default.

c. **Contract Objections**. Objections, if any, to the proposed assumption and assignment of a contract or lease, including objections to Cure Payments (each, as defined above, a "Contract Objection"), must (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules and the Local Rules, (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Payment, the correct cure amount alleged by the objecting Counterparty, together with any applicable and appropriate documentation in support thereof, and (iv) be filed with the Court and served, so as to be actually received by, the Objection Notice Parties (as defined in the Assumption Notice) by 4:00 p.m. (ET) on the date that is 14 days after service of the Assumption Notice, except as otherwise set forth below with respect to Subsequently Designated Assigned Contracts.

d. **Changes to Assigned Contract List and Cure Payments.** At the election of the Successful Bidder, up until two (2) business days prior to the closing of any Sale, the Debtor may file and serve supplements or amendments to the Assigned Contracts List (each, a "Supplemental Assumption Notice") to (i) add previously omitted Assigned Contracts to the Assigned Contracts List as contracts that may be assumed and assigned to a Successful Bidder in accordance with the definitive agreement for the Sale by filing a supplement to the Assigned Contracts List or (ii) modify the Cure Payment for any Assigned Contract (together, "Subsequently Designated Assigned Contracts"). Contract Objections with respect to Subsequently Designated Assigned Contracts shall be filed no later than ten (10) days from service of a Supplemental Assumption Notice identifying the Subsequently Designated Assigned Contracts and served on the Objection Notice Parties (the "Subsequently Designated Assigned Contracts Deadline"). Such objections must (a) be in writing, (b) comply with the applicable provisions of the Bankruptcy Rules and the Local Rules, (c) state, with specificity, the legal and factual bases thereof, and (d) be filed with the Court and served so as to be actually received by the Objection Notice Parties. Any party or entity who fails to timely and properly make an objection

with respect to the Subsequently Designated Assigned Contracts on or before the Subsequently Designated Assigned Contracts Deadline shall be forever barred from asserting any objection with respect to the Subsequently Designated Assigned Contracts.

e. **Removal of Contracts from Assigned Contract List.** Up until two (2) business days prior to Closing, the Debtor is authorized, but not directed, if the Purchaser so requests, to remove an Assigned Contract from the Assigned Contract List that a Successful Bidder proposes be assumed and assigned in connection with the Sale.

f. **Notice of Successful Bidder/Adequate Assurance Objections.** As soon as practicable after the Auction and in no event later than twenty-four (24) hours after the Auction, the Debtor shall file with the Court and post on the Case Website at https://cases.stretto.com/SiFiNetworks, the notice substantially in the form attached hereto as **Exhibit 4** (the "Notice of Successful Bidder"), identifying any Successful Bidder and Back-Up Bidder, together with a copy of the Successful Bidder's proposed purchase agreement and financial and other information regarding adequate assurance of future performance of the Assigned Contracts, and serve the Notice of Successful Bidder on the Counterparties by first class mail and e-mail (where available), and the Counterparties shall file any Contract Objections solely on the basis of adequate assurance of future performance by the Successful Bidder other than the Stalking Horse Bidder (each, an "Adequate Assurance Objection") not later than the Sale Hearing (the "Adequate Assurance Objections Deadline").

g. **Assigned Contracts.** At the Sale Hearing, the Debtor will seek Court approval of the assumption and assignment to the Successful Bidder of the Assigned Contracts, subject to the dispute resolution procedures set forth in paragraph 24(h) hereof; *provided that*, in the event the Successful Bidder is not the Stalking Horse Bidder, objections to adequate assurance of future performance of the Assigned Contracts by such Successful Bidder shall be heard at a subsequent hearing, as set forth in paragraph 24(h) hereof.  The inclusion of an Assigned Contract on an Assumption Notice will not (a) obligate the Debtor to assume any Assigned Contract listed thereon nor the Successful Bidder to take assignment of such Assigned Contract or (b) constitute any admission or agreement of the Debtor that such Assigned Contract is an executory contract.

h. **Dispute Resolution.** To the extent that the parties are unable to consensually resolve any Contract Objection prior to the commencement of the Sale Hearing, including, without limitation, any dispute with respect to the cure amount required to be paid to the applicable Counterparty under Bankruptcy Code sections 365(b)(1)(A) and (B) (any such dispute, a "Cure Dispute"), such Contract Objection shall be adjudicated at the Sale Hearing or at such other date and time as the Debtor determines, in its discretion and in consultation with the Successful Bidder and the Consultation Parties (subject to the Court's availability).  If such Contract Objection has not been resolved prior to the

closing of the Sale (whether by an order of the Court or by agreement with the Counterparty), the Successful Bidder may (a) treat such Counterparty's contract or lease as part of Excluded Assets or (b) temporarily treat the Counterparty's contract or lease as part of Excluded Assets (a "Designated Agreement"), proceed to the closing of the Sale with respect to all other Assets, and determine whether to treat the Designated Agreement as an Assigned Contract, or part of Excluded Assets within ten (10) business days after resolution of such objection (whether by order of the Court or by agreement of the applicable Successful Bidder, the Counterparty, and the Debtor).

i. **Back-Up Bidder Adequate Assurance Objections.** In the event that a Successful Bidder does not consummate the Sale and a Back-Up Bidder (other than the Stalking Horse Bidder) has been previously identified, the Debtor shall file with the Court and post on the Case Website at https://cases.stretto.com/SiFiNetworks, a notice of the Debtor's intent to proceed with a Back-Up Bid (the "Notice of Intent to Proceed with Back-Up Bid"), together with a copy of the Back-Up Bidder's proposed purchase agreement and financial and other information regarding adequate assurance of future performance of the Assigned Contracts by the Back-Up Bidder (including the name of the Back-Up Bidder and description of its business), and serve the Notice of Intent to Proceed with Back-Up Bid on the Counterparties by first class mail and e-mail (where available), and the Counterparties shall have seven (7) days to file and serve on the Objection Notice Parties a Contract Objection solely on the basis of adequate assurance of future performance by the Back-Up Bidder. If any objections are filed, the Debtor shall schedule a hearing, which may be expedited, upon reasonable notice under the circumstances (which shall be no less than ten (10) days after the Notice of Intent to Proceed with Back-Up Bid is filed), with respect to such Contract Objections.

j. **Contract Assumption at Closing.** No Assigned Contract shall be deemed assumed and assigned pursuant to section 365 of the Bankruptcy Code until the later of (i) the date the Court has entered an order authorizing the assumption and assignment of such Assigned Contracts or (ii) the date the Sale has closed.

24.     Any party failing to timely and properly file an objection to the Cure Payment or the proposed assumption and assignment of an Assigned Contract listed on the Assumption Notice or a Supplemental Assumption Notice is deemed to have consented to (a) such Cure Payment, (b) the assumption and assignment of such Assigned Contract, (c) the related relief requested in the Motion, and (d) the Sale. Such party shall be forever barred and estopped from objecting to the Cure Payments, the assumption and assignment of the Assigned Contract, adequate assurance of future

14

performance, the relief requested in the Motion, whether applicable law excuses such counterparty from accepting performance by, or rendering performance to, the Successful Bidder for purposes of section 365(c)(1) of the Bankruptcy Code, and from asserting any additional cure or other amounts against the Debtor and the Successful Bidder, as applicable, with respect to such party's Assigned Contract.

**V.      Assumption Notice and Notice of Successful Bidder.**

25.      The Assumption Notice attached hereto as **Exhibit 3** and the Notice of Successful Bidder attached hereto as **Exhibit 4** are hereby approved.

26.      To provide the Counterparties with information concerning the Successful Bidder and any Back-Up Bidder who may be assigned their contracts or leases and enable them to object to such assignment on adequate assurance grounds (to the extent the Successful Bidder/Back-Up Bidder is not the Stalking Horse Bidder), as soon as practicable after the Auction and in no event less than twenty-four (24) hours before the date of the Sale Hearing, the Debtor shall file with the Court and serve on all Counterparties the Notice of Successful Bidder.

**VI.      Back-Up Bidder.**

27.      Following entry of the Sale Order, if the Successful Bidder fails to consummate the Successful Bid, the Debtor may designate the Back-Up Bid to be the new Successful Bid and the Back-Up Bidder to be the new Successful Bidder, and, subject to resolution of any adequate assurance objections filed pursuant to paragraph 24(i) above, the Debtor shall be authorized, but not required, to consummate the transaction with the Back-Up Bidder without further order of this Court, so long as such Back-Up Bid shall have been approved in connection with the Court's approval of the Successful Bid, or subject to Court approval if not.  In such case of a breach or failure to perform on the part of the Successful Bidder and in such other circumstances as may be

specified in the definitive documentation governing the Successful Bid, the defaulting Successful Bidder's deposit, if any, shall be forfeited to the Debtor. The Debtor's right to seek all available damages, including specific performance, from any defaulting Successful Bidder (including any Back-Up Bidder designated as a Successful Bidder) in accordance with the terms of the Bidding Procedures are reserved.

**VII.    Credit Bidding.**

28.    Any bidder holding a perfected security interest in any of the Assets may seek to credit bid all, or a portion of, such bidder's claims for its respective collateral in accordance with and to the fullest extent applicable under section 363(k) of the Bankruptcy Code (each such bid, a "Credit Bid"); *provided*, that such Credit Bid complies with the terms of the Bidding Procedures.

29.    Pursuant to the terms and conditions of the DIP Order, the Stalking Horse Bidder is permitted to credit bid any outstanding DIP Obligations and Prepetition Secured Indebtedness in accordance with and to the fullest extent applicable under 363(k) of the Bankruptcy Code in any sale of Assets and may assign such right to credit bid in whole or in part to any of their affiliates. The Stalking Horse Bidder shall have the right, subject to the DIP Order, to credit bid on a dollar-for-dollar basis up to the full amount of the DIP Obligations and the Prepetition Secured Indebtedness pursuant to and to the fullest extent applicable under section 363(k) of the Bankruptcy Code.

**VIII.    Miscellaneous.**

30.    The failure to include or reference a particular provision of the Bidding Procedures specifically in this Order shall not diminish or impair the effectiveness or enforceability of such a provision.

31.    In the event of any inconsistencies between this Order and the Motion, this Order shall govern in all respects.  In the event of any inconsistencies between this Order and the Bidding Procedures attached hereto as **Exhibit 1**, the Bidding Procedures shall govern in all respects.

32.    Any substantial contribution claims by any Bidder are deemed waived, to the extent based solely on such Bidder's submission of a Bid in accordance with the Bidding Procedures.

33.    This Order shall be binding on and inure to the benefit of the Debtor, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estate of the Debtor.

34.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

35.    To the extent this Order is inconsistent with any prior order or pleading with respect to the Motion in this case, the terms of this Order shall govern.

36.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

37.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

38.    The Debtor is authorized to make non-substantive changes, in consultation with the Consultation Parties, to the Bidding Procedures, the Assumption Procedures, and any related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors.

39.    The Debtor is authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

40.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: July 10th, 2026**
**Wilmington, Delaware**          **BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**

18